**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-10837
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRA WAYNE PRIVETTE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 4:94-CV-357)

May 16, 1996

Before GARWOOD, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Ira Wayne Privette appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence, in which he argued that the prosecution knowingly used the perjured testimony of a conspirator, his attorney performed ineffectively in several instances, the court erred in applying the Sentencing Guidelines to him, and the co-conspirator and government conspired to frame him.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

On appeal, Privette has abandoned his assertions that the government attempted to frame him. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). In its place, he has added a new claim: that his conviction for using a firearm during and in relation to a drug-trafficking crime is invalid under a recent Supreme Court case, Bailey v. United States, 116 S. Ct. 501 (1995). The court declines to address this claim as it is raised for the first time on appeal from denial of habeas relief, and Privette has not shown plain error. See Douglass v. United Services Automobile Ass'n, ____ F.3d ____ (5th Cir. Mar. 28, 1996) (No. 95-50007). In any event, the Bailey claim is without merit because the only firearms count of which Privette now stands convicted (count 9) alleged that Apodaca used the firearm, and Privette was criminally responsible for that use as a willful and knowing co-conspirator of Apodaca. The evidence clearly established that Apodaca was "using" a gun within the meaning of Bailey.[1] As for the remainder of Privette's claims, this court has reviewed the record, the parties' arguments, the magistrate judge's findings, and the district court's adoption of those findings. See United States v. Privette, No. 4:94-CV-357-D (5th Cir. Aug. 18, 1995). This court affirms for essentially the reasons cited by the magistrate judge.

AFFIRMED.

---

[1] See United States v. Elwood, 993 F.2d 1146, 1151 (5th Cir. 1993) (co-conspirator liable for substantive § 924(c) offense committed by another conspirator).